**Daniel SCALZO, Plaintiff,**

v.

**INSALACO'S MARKETS and United Food & Commercial Workers Union, Local 72, Defendants.**

No. 3:CV–95–1847.

United States District Court, M.D. Pennsylvania.

Jan. 27, 1998.

Peter G. Loftus, Waverly, PA, for Daniel Scalzo.

Thomas J. Grooms, Bond Schoeneck & King, LLP, Syracuse, NY, Francis D. Price, Jr., Bond Schoeneck & King, LLP, Syracuse, NY, for Insalaco's Markets.

Carey R. Butsavage, Butsavage & Associates, P.C., Washington, DC, for United Food & Commercial Workers Union Local 72.

## MEMORANDUM AND ORDER

KOSIK, District Judge.

This matter is before the court on the motion of defendant, Insalaco's Market, seeking an order granting summary judgment in its behalf, pursuant to Fed. R.Civ.P. 56.[1]

### Background

This action arose from events occurring after plaintiff was terminated from a management position with defendant on March 9, 1995 for gross negligence in carrying out his duties. At the time, plaintiff was a member of Local 72 of the United Food and Commercial Workers Union. A collective bargaining agreement existed between the employees and the Union which provided for the final and binding arbitration of disputes such as plaintiff's discharge.

Plaintiff grieved his termination through the Union pursuant to the grievance and arbitration provisions in the Union contract.

An arbitration hearing was held, and on October 20, 1995, the arbitrator issued an award in favor of the employer defendant. At the hearing, the arbitrator inquired of plaintiff if he felt he had a fair hearing as well as proper representation by the Union. Plaintiff responded, "I guess I have. You know." and "I guess, I have, yeah."

respectively. It should be noted that the Union attorney represented plaintiff at all stages of the arbitration proceeding.

On the motion of the defendant Union, the court dismissed the Union from the action on March 18, 1997 [Document 23] for failure of plaintiff to state a valid claim against the Union for breach of duty of fair representation because the Union properly grieved plaintiff's claim and did not erroneously fail to appeal the arbitration decision.[2]

Count I of the Complaint seeks the vacatur of the arbitration award.

### Discussion and Conclusion

Rule 56(c) of the Federal Rules of Civil Procedure states:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56.

The Supreme Court has held that Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2551, 91 L.Ed.2d

---

1. Although this case was scheduled for trial in July 1997, a series of communications with counsel, which have been made a part of the record, resulted in an order on November 24, 1997 [Document 37] allowing this motion in lieu of a trial on Count I of the Complaint. Counsel for plaintiff acknowledged in his letter of November 12, 1997 [Document 36] that all other issues have been resolved by the court's Memorandum and Order of March 18, 1997 [Document 23] and a Memorandum to counsel dated June 17, 1997 [Document 31] based on letter briefs. This leaves the single issue of Count I, dealing with the appeal

pursuant to 29 U.S.C. § 185 seeking the vacatur of an arbitrator's award.

2. This background represents the material facts filed by the defendant and as to which the moving party contends there is no genuine issue to be tried. Local Rules 7.4 and 56.1 require the opponent to dispute the contentions, and failing to do so constitutes an admission. Plaintiff offered no opposition to or dispute over the movant's contentions under the Local Rule.

265 (1986). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also Gile v. Optical Radiation Corp.*, 22 F.3d 540, 541 (3d Cir.), *cert. denied*, 513 U.S. 965, 115 S.Ct. 429, 130 L.Ed.2d 342 (1994).

Initially, to support its motion for summary judgment, the moving party must show the absence of a genuine issue concerning any material fact. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548. Once the moving party has satisfied its burden, the non-moving party must present "affirmative evidence" to defeat the motion for summary judgment, consisting of verified or documented materials. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888–89, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990); *Anderson*, 477 U.S. at 256–57, 106 S.Ct. 2505. Mere conclusory allegations or denials taken from the pleadings are insufficient. *Schoch v. First Fidelity*, 912 F.2d 654, 657 (3d Cir.1990) (citations omitted). In addition, vague statements, concerning a material fact, made by a party are insufficient to create a genuine issue warranting the denial of the motion. *See Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir.), *cert. denied*, 502 U.S. 940, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991).

In evaluating a motion for summary judgment, the entire record must be examined in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences derived from the evidence. *Torre v. Casio, Inc.*, 42 F.3d 825, 830 (3d Cir.1994); *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir.1988).

In his brief opposing summary judgment, while citing appropriate legal authority, plaintiff also erroneously cites the more liberal standard adopted by the Third Circuit Court of Appeals in Title VII cases and intended as the proper summary judgment standard applicable to Title VII cases. *Fuentes v. Perskie*, 32 F.3d 759, 761 (3d Cir.1994).

Plaintiff claims the arbitration award should be vacated because it does not draw its essence from the collective bargaining agreement, lacks evidentiary support, and misconstrues the employer's duties under the contract.

Defendant employer claims plaintiff's attempt to vacate the award must fail for two reasons. First, that we must accept the award unless plaintiff properly pleads and can prove a meritorious "hybrid" Section 301/duty of fair representation claim relating to the subject matter of the award. And second, that plaintiff lacks standing for failing to properly plead and cannot prove a breach of duty of fair representation by the Union in connection with its handling of the arbitration case. We agree.

 Having determined that the plaintiff's fair representation claim against the Union failed, we conclude that under cases cited by defendant, *Robinson v. Central Brass Manuf. Co.*, 987 F.2d 1235, 1239 (6th Cir.1993); *Griesmann v. Chemical Leaman Tank Lines, Inc.*, 776 F.2d 66, 73 (3d Cir.1985); and *Braxton v. United Parcel Service, Inc.*, 806 F.Supp. 537 (E.D.Pa. 1992), there is no legal basis for continuing with the claim of Count I against the employer. For similar reasons, plaintiff lacks standing.

For the foregoing reasons, we grant defendant's motion for summary judgment as to Count I. There remain no additional, outstanding issues. This case will be closed.

SO ORDERED.